## LOTT, Tax Collector, *vs.* COX, OTIS & CO.

[ACTION TO RECOVER TAXES PAID UNDER PROTEST.]

1. "*Duty of tonnage;*" *what tax is not within meaning of the* 3d *part of section* 10, *article* 1, *of the constitution of the United States.*—The tax to be assessed and collected by the 12th part of section two of the revenue law of this State, at the rate of one dollar per ton, of the registered tonnage of such steam-boats, &c., is not a " duty of tonnage," within the

meaning of said words, as used in the 3d part of section 10, article 1, of the constitution of the United States.

2. *Ordinance of convention, passed at Huntsville, on the 2d of August,* 1819 ; *what not in conflict with.*—Nor is that part of said revenue law in conflict with the ordinance of the convention of this State, passed at Huntsville, on the 2d day of August, in the year 1819, which declares "that all navigable waters within this State, shall forever remain public highways, free to the citizens of this State, and of the United States, without any tax, duty, impost or toll therefor, imposed by this State."

APPEAL from Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE facts of this case are identical with those stated in *Lott, Tax Collector, v. Mobile Trade Co.*, p. 578, except that in this case the appellees paid the tax under protest, and brought suit afterwards to recover it.

JOSHUA MORSE, Attorney-General, and ALEX. McKINSTRY, for appellant.
P. HAMILTON, *contra.*

[No briefs came into the reporter's hands.]

*Per Curiam.*—This case originated in the circuit court of Mobile. The appellant was defendant, and the appellees were the plaintiffs in that court ; the action, assumpsit, to recover money paid under protest, by the plaintiffs in that court, as the owners of certain steam-boats, to the appellant, as tax collector of said county, for a tax on said boats, under the 12th part of section two of the revenue law of 1866.

The question involved in this case, is the same as the question decided at this term, in the case of same appellant, against the Mobile Trade Co. That case was on a bill in chancery to restrain said appellant, as said tax collector, from collecting a tax on certain steam-boats named in said bill of complaint, the property of said complainants. On the final hearing, the appellant, as tax collector, &c., as aforesaid, was perpetually enjoined from collecting said tax—1st. Because the said 12th part of section two of said revenue law of 1866 was in violation of the third par-

agraph of section 10, of article 1, of the constitution of the United States, that declares, " no State shall, without the consent of congress, lay any 'duty of tonnage,' " &c.; and 2d, Because said part of said revenue law was in conflict with the act of congress of the 2d of March, 1819, to enable the people of Alabama territory to form a constitution and State government, &c., and also in conflict with the ordinance of the convention of said State of Alabama, accepting the conditions named in said act of congress, by which said State was to be admitted into the Union, &c. The condition alleged to be violated by said revenue law is, " that all navigable waters within the said State shall forever remain public highways, free to the citizens of said State, and of the United States, without any tax, duty, impost or toll therefor, imposed by said State." The decree of the chancellor in that case was reversed by this court, the injunction dissolved, and the bill of complaint dismissed.

The judgment of said circuit court is in favor of said appellees, plaintiffs in said circuit court. The said judgment, on the authority of the said case of the Mobile Trade Company against said appellant, tax collector, &c., defendant, is hereby reversed, annulled and held for naught. And this court, under section 3502 of the Revised Code, proceeding to render such judgment as the court below should have rendered,—now, here, renders the following judgment, to-wit: It is, therefore, considered by this court, that the said judgment of said court below be reversed, annulled and held for naught, and that said appellant, defendant in that court, go hence without day and recover of said appellees, plaintiffs in that court, the costs in this court, and the costs in the said court below.